Mr. Justice Colcock
delivered the opinion of the Court.
The common law doctrine, that where there are two joint obligors, both must be sued, is too familiar to admit of doubt; also, that it has been decided in England, that where one oftwo joint obligors is out of the kingdom, the plaintiff must proceed to outlawry against him. (Sheppard vs. Baillie, 6 Term. Rep. 327.) But I am of opinion that the process of outlawry is obsolete, and contrary to the spirit and principles of our government. It would -be inconvenient in practice, if not utterly impracticable, without some legislative provision ; and therefore there is no remedy, unless the plaintiff be allowed to proceed in the manner in which he has proceeded. I take it that it is incumbent on us to -pursue the common law, only so far as the same is consistent with the principles and spirit of our government, and that in this instance I have done so. By $he common law of England, it is established, that where *84 there are two joint obligors, both must he sued. By the . same law,' a remedy is given, where one is without the kingdom. Shall it be said we are to adopt the first provision of the law, when the other cannot be applied ? Í am ready to say we are not bound to do so. Again, if the process' of outlawry in such a case as the present were resorted to in England, what would result ? That it would appear that one of the joint obligors was absent from the kingdom, and without the control of the law. The plaintiff could then compel the other defendant to pay the debt. .Now does not the same thing appear to us ? '1 he one who was compelled to pay the' debt, would not be benefited ; for if there are no goods to be forfeited, nothing could be obtained for him by the outlawry. .
But it is said we cannot know, nor can the fact be put on the record, that the absent debtor has no goods. The answer is plain, if he have any, let the 'co-obligor find them ; for it maybe reasonably supposed that he is best acquainted with the circumstances of the absent person. If a remedy did not exist in England by process of outlawry against the absent joint obligor, I have no doubt that it would be held, that a voluntary abjuration of the realm was a destruction of that unity of responsibility which renders it necessary that both should be sued; arid 'this I think is supported by the analogies of the law. “ A husband who hath' abjured the realm, or is banished, is thereby civiñíer mor-tuns; and being disabled-to sue, or he sued, in right of his wife, she must be -considered as a feme sole.” And what is the reason assigned ? For it would be unreasonable that-'she should be remediless on her part, and equally hard upon those who had any demand on her, that not being aide to have any redress from the husband,-they should not have any against her. (1 Bacon, Title Baron Feme, letter M.) Now, I cannot conceive that the unity of in-te.rest and person, between two joint obligors, can be greater than that which the I a tv recognizes between husband and wiL ; and if the voluntary absence of one of the parties in "be. one case b considered as a dissolution of the legal uni- *85 -:y, 1 ran not conceive why it should not be so in the other But a majority of my brethren aro of opinion that the plaintiff can not cover; that both the co-obligors, in a joint contract, must he sued, and that however hard, that there is no reined}’ which this Court can apply.
Prioleau and Pinckney, for the motion.
Kennedy, contra.
The motion is granted.
Justices Nott, Johnson and Huger, concurred in granting the motion. <
Justice Gantt, I concur in the opinion expressed by my brother Colcock.